IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JACK NORMAN VAUGHN, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:22-CV-38 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jack Norman Vaughn, Jr., a prisoner confined at Terrell Unit of the Texas Department of Criminal Justice, Correctional Institution Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner is in custody pursuant to a judgment entered in the 349th District Court of Houston County, Texas. A jury found Petitioner guilty of six counts of aggravated sexual assault of a child under the age of fourteen. On September 12, 2002, Petitioner was sentenced to ninety-nine years of imprisonment. The Twelfth Court of Appeals affirmed the conviction on November 26, 2003. Petitioner did not file a petition for discretionary review.

Petitioner filed two state applications for habeas relief pursuant to Texas Code of Criminal Procedure 11.07. Petitioner filed the first application on December 2, 2010. The application was denied without written order on February 2, 2011. On September 26, 2021, Petitioner filed a second

state application for habeas relief. The second application was dismissed as a subsequent application on March 16, 2022.

## The Petition

Petitioner filed this petition on February 28, 2022.[1] Petitioner contends he is actually innocent of the offenses. Petitioner contends his trial attorney provided ineffective assistance of counsel by failing to: (1) request an expert witness to conduct an independent physical examination of one of the victims and testify that her injury could have been caused by something other than a sexual assault; (2) advise Petitioner that he could accept a plea agreement without admitting guilt; and (3) request an evidentiary hearing when he filed a motion for new trial. Finally, Petitioner contends that he was denied the opportunity to raise claims of ineffective assistance of counsel claims because he did not have court appointed counsel during the state habeas proceedings.

## Analysis

Title 28 U.S.C. § 2254 authorizes the district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). There is a one year statute of limitations on federal petitions for writ of habeas corpus brought by state prisoners. 28 U.S.C. § 2244(d). The limitation period begins to run from the latest of: (1) the date on which the judgment became final; (2) the date on which an impediment to filing created by unconstitutional state action was removed; (3) the date on which the United States Supreme Court

---

[1] A prisoner's pleading is considered filed as of the date it was delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Petitioner states that he placed the petition in the prison mail system on February 28, 2022.

initially recognized the constitutional right if the right is retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). The amendment also provides that the statute of limitations is tolled while a state post-conviction review or other collateral attack is pending. 28 U.S.C. § 2244(d)(2).

Here, there was no impediment to filing caused by unconstitutional state action, and Petitioner does not rely on a newly recognized constitutional right. By exercising due diligence, Petitioner should have discovered the factual predicate of his claims before the conviction became final.

Because Petitioner did not file a petition for discretionary review within thirty days after the intermediate appellate court affirmed the judgment, his conviction became final on December 26, 2003. TEX. R. APP. P. 68.2(a). The statute of limitations began to run the next day, and it expired on December 27, 2004. Petitioner's state applications for habeas relief did not toll the statute of limitations because they were filed long after the limitations period had expired. As a result, this petition for writ of habeas corpus, filed more than seventeen years after the statute of limitations expired, is untimely.

Petitioner claims that he relies on newly recognized constitutional rights based on the Supreme Court decisions in *Lafler v. Cooper*, 566 U.S. 156 (2012) (ineffective assistance of counsel causing rejection of plea offer), *Martinez v. Ryan*, 566 U.S. 1 (2012) (excusing a procedural default when the claim was not presented in state court due to defense counsel's errors in initial habeas proceeding), *Trevino v. Thaler*, 569 U.S. 413 (2013) (excusing procedural default for ineffective assistance of trial counsel claims if there was no counsel during state habeas proceedings or if

counsel was ineffective), *McQuiggin v. Perkins*, 569 U.S. 383 (2013) (actual innocence, if proved, excuses procedural bars to habeas relief and the expiration of the statute of limitations), and *McCoy v. Louisiana*, _ U.S. _ ,138 S. Ct. 1500 (2018) (defendant has the right to insist that counsel refrain from conceding guilt). Assuming that these cases recognized new constitutional rights and are retroactively applicable to cases on collateral review, Petitioner's claims would still be barred by limitations because this petition was not filed within one year after the cases were decided.

The statute of limitations may be equitably tolled in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010). Equitable tolling is only available if: (1) the petitioner diligently pursued his rights, and (2) extraordinary circumstances prevented timely filing. *Id*. Delays of the petitioner's own making are not "extraordinary circumstances." *Sutton v. Cain*, 722 F.3d 312, 316 (5th Cir. 2013). Excusable neglect and ignorance of the law do not justify equitable tolling. *Id*.

Petitioner has not demonstrated that he diligently pursued his rights, or that extraordinary circumstances prevented him from filing a timely petition. As a result, he is not entitled to equitable tolling of the statute of limitations.

Finally, Petitioner contends that he is actually innocent of the offense of aggravated sexual assault. Actual innocence, if proved, may excuse a procedural bar to federal habeas review of constitutional claims. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To pass through the actual innocence gateway, Petitioner must show that, in light of new, reliable evidence, no fact-finder would have found him guilty beyond a reasonable doubt. *Id*. Petitioner failed to meet this standard because he did not present any newly-discovered evidence that would have resulted in his acquittal.

### Recommendation

This petition for writ of habeas corpus should be dismissed as it is barred by the statute of limitations.

### Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 18th day of October, 2022.

_____
Zack Hawthorn
United States Magistrate Judge